IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KARLA CARPENTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 02-1019-WEB |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

This matter is before the court on defendant Boeing's Motion to Dismiss Without Prejudice the claims of plaintiffs Sandy Wilcynski, Mary Dean, Faith Bridgewater, and Verlene Maholmes. Doc. 446. After plaintiffs failed to respond to the motion, the court issued orders granting these plaintiffs 10 days to show cause why the motion to dismiss should not granted as uncontested. The orders cautioned the plaintiffs that if they failed to respond, the motion to dismiss could be granted as uncontested. Docs. 451, 453. The 10 day period has now expired, and the above-named plaintiffs have filed no response.

Rule 41(b) provides in part that a defendant may move for dismissal for failure of the plaintiff to prosecute or to comply with rules or any order of the court. Dismissal is a severe sanction and is only appropriate where a lesser sanction would not serve the ends of justice. In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate

sanction. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). If "a party appears *pro se*, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id*.

After considering these factors, the court concludes the motion to dismiss the claims without prejudice should be granted. These plaintiffs' repeated failure to respond or to prosecute the action has resulted in prejudice to the defendant's right to a determination of the claims. It has essentially brought the judicial process to a halt as to the remaining claims. Although three of these plaintiffs are now proceeding *pro se*,[1] they have been cautioned about the consequences of not responding, and their *pro se* status does not excuse them from prosecuting the claims. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (*pro se* litigants must comply "with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

*Conclusion*.

Defendant Boeing's Motion to Dismiss the claims of plaintiffs Sandy Wilcynski, Mary Dean, Faith Bridgewater, and Verlene Maholmes (Doc. 446) is GRANTED. Pursuant to Fed.R.Civ.P. 41(b), the claims of these plaintiffs against defendant Boeing Company are hereby DISMISSED without prejudice to refiling.

Each party will bear her and its own fees, costs, and expenses relating to the individual claims asserted by these plaintiffs. In addition, these plaintiffs will not be assessed any portion of the fees, costs, and expenses relating to the class claims brought by plaintiffs unless they file a new

---

[1] Counsel for Ms. Wilcynski, Jeff Sprung, does not oppose the dismissal of Ms. Wilcynski's claims.

lawsuit re-asserting any of the class claims from this matter.  If the plaintiffs assert any of these claims in a new filing, and if they do not prevail in the subsequent action, they may be subject to imposition of the proportionate costs from the class claims from this matter in such manner as ordered by the court.

     Defendant's Motion for Hearing (Doc. 448) is DENIED as moot.

     IT IS SO ORDERED this   12th   Day of April, 2007, at Wichita, Ks.

                                    s/Wesley E. Brown
                                    Wesley E. Brown
                                    U.S. Senior District Judge